UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES BOATENG,                    :
                                    :    NO. 1:05-CV-00136
          Petitioner,               :    NO. 1:98-CR-00105(1)
                                    :
                                    :    **OPINION & ORDER**
   v.                               :
                                    :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
          Respondent.               :

          This matter is before the Court on Petitioner
Charles Boateng's (hereinafter "Boateng") Motion to Vacate, Set
Aside, or Correct Sentence Pursuant to § 2255 (doc. 106), the
Government's Response to Petitioner's Motion Under 28 U.S.C. § 2255
to Vacate, Set Aside, or Correct Sentence (doc. 108), and Boateng's
Reply to the Government's Response to § 2255 (doc. 109).

          On January 11, 1999, Boateng was found guilty by a
jury of possession with intent to distribute in excess of 500 grams
of heroin, in violation fo 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)
(doc. 108).  Boateng asserts that the indictment did not charge him
with a specific quantity of heroin (other than the "in excess of
500 grams) and the jury did not indicate the determined quantity of
drugs on the jury verdict form (doc. 106).  The Government avers,
however, that Boateng stipulated at trial that the weight of heroin
was 670.48 grams (Id.).  Boateng's offense level under the United
States Sentencing Guidelines ("U.S.S.G.") was enhanced two levels

for obstruction of justice resulting in a total offense level of thirty (doc. 108). As a result, his guideline range became 97-127 months (<u>Id</u>.). He was sentence to 97 months (<u>Id</u>.). Boateng filed a direct appeal, which was denied and his conviction was affirmed on May 24, 2002 (<u>Id</u>.).

Boateng contends in his motion that his sentence violates the rule found in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) - specifically, that the jury must have found beyond a reasonable doubt the specific amount of heroin considered when sentenced and that the jury must have found beyond a reasonable doubt that he obstructed justice, both of which did not occur (doc. 106). Boateng contends this is a violation of his rights secured by the Sixth Amendment (<u>Id</u>.). Boateng avers that <u>Apprendi</u> applies to his situation because the rule announced in <u>Apprendi</u> was established prior to his sentencing (<u>Id</u>.). Boateng cites <u>Stringer v. Black</u>, 503 U.S. 222 (1992), which states: "subject to two exceptions, a case decided after a petitioner's conviction and sentence became final may not be the predicate for federal habeas corpus relief unless the decision was dictated by precedent existing when the judgment in question became final." <u>Stringer</u> at 227. Boateng argues that since <u>Apprendi</u> was decided prior to his case becoming final, the rule in <u>Apprendi</u> should be applied in the instant matter (<u>Id</u>.).

If the rule is applied, and the Court reduced his

-2-

offense level by two (specifically the two enhancement levels added for obstruction of justice) then his sentence would have been only 78 months (<u>Id</u>.).  If his sentence were only 78 months, argues Boateng, he would now be out of prison (<u>Id</u>.).  Furthermore, Boateng contends that since the drug quantity was not found beyond a reasonable doubt by the jury, the correct sentence under the guidelines would have been only 10 to 16 months given his criminal history category (<u>Id</u>.).

The Governments responds arguing that Boateng's petition is time-barred (doc. 108).  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), notes the Government, established a one-year period of limitation governing motions for collateral relief under § 2255 (<u>Id</u>.).  According to the § 2255, the one-year period runs from "the latest of" four specified events:

> 1.   The date on which the judgment of conviction becomes final;
>
> 2.   The date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3.   The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4.   The date on which the facts supporting

-3-

> the claim or claims presented could have
> been discovered through the exercise of
> due diligence.

28 U.S.C. § 2255. The Government asserts that Boateng's motion is time-barred because the rights he asserts were recognized in Apprendi and Booker v. United States, __ U.S. __, 125 S.Ct. 738 (2005), do not involve constitutional rights applied retroactively by the Supreme Court for collateral review (doc. 108). The Government notes that the Sixth Circuit has held that Apprendi does not apply retroactively to initial § 2255 motions (Id. citing Goode v. United States, 305 F.3d 378 (6th Cir. 2002). Furthermore, the Sixth Circuit has now held that Booker does not apply retroactively to collateral attacks when the convictions were final at the time of Booker's pronouncement. Humphress v. United States, 398 F.3d 855 (6th Cir. 2005).

The Government argues that Boateng failed to raise the instant claim at trial or on direct appeal (doc. 108). Citing United States v. Frady, 456 U.S. 152 (1982), the Government notes that "[t]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains" (doc. 108 quoting Frady at 167-68). The Government contends that Boateng stipulated to the weight of the heroin at trial and did not challenge the addition of two points for

-4-

obstruction of justice (doc. 108). As such, concludes the Government, Boateng is not able to establish prejudice (Id.).

The Government also argues that Boateng was sentenced within the statutory maximum for the crime charged (Id.). Accordingly, avers the Government, Apprendi is not applicable (Id. citing United States v. Corrado, 227 F.3d 528, 542 (6th Cir. 2000)). In the instant matter, Boateng was sentenced within the statutory maximum - the statutory sentence for a violation of possession with intent to distribute in excess of 500 grams of heroin was a mandatory minimum of 5 to 40 years in prison (Id. citing 28 U.S.C. §§ 841(a)(1) & (b)(1)(B)). Boateng was sentenced to 97 months, less than the prescribed statutory maximum. It is also important to note that Boateng's sentence was lower than the statutory maximum for an offense involving the possession with intent to distribute any detectable amount of heroin under 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) - that being a maximum of 20 years. As such, the Government concludes that Boateng's sentence was below the statutory maximum, thus not triggering the rule in Apprendi (doc. 108).

The Court finds the arguments of the Government persuasive. First, the Sixth Circuit makes clear in Humphress that the rule in Booker is not available retroactively to decisions already final on direct review. Humphress at 863. Boateng's conviction became final "for the purposes of 28 U.S.C. § 2255 'upon

the expiration of the 90-day period in which . . . [Boateng] could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.'" <u>Humphress</u> at 860 <u>quoting</u> <u>Sanchez-Castellano v. United States</u>, 358 F.3d 424, 426 (6th Cir. 2004). Boateng appealed his conviction which was denied and his conviction affirmed on May 24, 2002. Boateng did not petition for certiorari within the required 90-day period and, as such, his conviction was already final on direct review when the rule in <u>Booker</u> was established. Accordingly, <u>Booker</u> is not available to aid Boateng. Furthermore, relief under <u>Apprendi</u> was earlier determined not to apply retroactively to initial § 2255 motions as pronounced by the Sixth Circuit in <u>Goode</u>.

Additionally, as noted by the Government, Boateng failed to raise his instant objections at trial or on direct appeal. Consequently, he must show both (1) cause excusing his double procedural default and (2) actual prejudice resulting from the errors of which he complains. <u>Frady</u> at 167-68. Boateng stipulated to the weight of heroin at trial and did not challenge the additional two points added to his guideline's range at his sentencing. Having stipulated to the weight of the drug at trial and having not challenged the additional two points added for obstruction of justice at his sentencing leads to a conclusion that Boateng did not suffer actual prejudice.

Boateng argues that the "Sixth Circuit has held

recently, that the Booker error is plain and warranted correction of sentence [sic]" (doc. 3). In support of this argument, Boateng cites United States v. Oliver, 397 F.3d 369 (6th Cir. 2005), United States v. Hughes, 396 F.3d 374 (4th Cir. 2005), and United States v. Ameline, 400 F.3d 646 (9th Cir. 2005). Boateng notes that these three cases "remanded the Booker error regardless of whether it was present in the trial court . . ." (doc. 109). However, in each of these three cases the issue was raised on direct appeal. In the instant matter, Boateng has raised his Booker claim pursuant to § 2255 and the Sixth Circuit has explicitly held that Booker is not available retroactively. See Humphress.

Accordingly, the Petitioner Charles Boateng's Motion to Vacate Under 28 U.S.C. § 2255 is DENIED.

SO ORDERED.

Dated: June 30, 2005          s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge

-7-